*United States of America v. Encarnacion-Lafontaine*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                            No. 15-1223

EDGAR ENCARNACION-LAFONTAINE,

> *Defendant-Appellant.*

———————————————————————————

FOR APPELLANT:                    Natali J.H. Todd, Brooklyn, NY.

FOR APPELLEE:                     Emil J. Bove III, Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered by the District Court on April 9, 2015, is **AFFIRMED**.

Following a jury trial, Defendant-Appellant Edgar Encarnacion-Lafontaine ("Encarnacion") was convicted of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841, 846; conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841, 846; conspiracy to commit extortion in violation of 18 U.S.C. § 371; extortion in violation of 18 U.S.C. § 875(b); and conspiracy to commit witness tampering in violation of 18 U.S.C. 1512(k). Encarnacion was sentenced principally to concurrent terms of 60 months' imprisonment on the extortion conspiracy count and 180 months' imprisonment on all other counts, as well as concurrent five-year terms of supervised release on all counts. We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

Encarnacion challenges several of the District Court's evidentiary rulings. We review evidentiary challenges for abuse of discretion. *United States v. Nektalov*, 461 F.3d 309, 318 (2d Cir. 2006). Any such error will be disregarded if it is harmless. *See* Fed. R. Crim. P. 52(a).

Encarnacion first contends that threatening Facebook messages and a letter left at Rafael Goris's mother's house should not have been admitted because they were (1) hearsay and (2) inadequately authenticated. His hearsay challenge is easily dismissed because the messages and the letter were not admitted for the truth of the matters asserted in them. *See* Fed. R. Evid. 801(c)(2); *see also United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir. 1999) ("Statements offered as evidence of . . . threats . . . rather than for the truth of the matter asserted therein, are not hearsay.").

His authentication contentions are also unavailing. Evidence may be admitted on a showing "sufficient to support a finding that the item is what the proponent claims it is."

Fed. R. Evid. 901(a). "The ultimate determination as to whether the evidence is, in fact, what its proponent claims is thereafter a matter for the jury." *United States v. Vayner*, 769 F.3d 125, 130 (2d Cir. 2014).

As to the Facebook messages, the Government introduced evidence that (1) the Facebook accounts used to send the messages were accessed from IP addresses connected to computers near Encarnacion's apartment; (2) patterns of access to the accounts show that they were controlled by the same person; (3) in addition to the Goris threats, the accounts were used to send messages to other individuals connected to Encarnacion; (4) Encarnacion had a motive to make the threats, and (5) a limited number of people, including Encarnacion, had information that was contained in the messages. This evidence made it reasonably likely that, as the Government contended at trial, the letters and Facebook messages were written by Encarnacion, and it was not error to admit them. *See United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999).

Our decision in *Vayner*, in which we vacated a conviction because we found social media evidence was improperly admitted at trial, does not require a different result: In that case, the *only* evidence suggesting that the defendant was the owner of a social media account opened in his name was the fact that the account included his photograph and basic biographical information about him that was known to many others. 769 F.3d at 131-33. Here, there was significantly more evidence from which a jury could reasonably infer that Encarnacion controlled the Facebook accounts used to threaten the Goris family.

The letter to Mrs. Goris was also properly authenticated. To support its assertion that Encarnacion was the author of the letter, the Government introduced testimony and cell site data showing that Encarnacion traveled to the neighborhood of Mrs. Goris's home on two occasions in the week before the letter was discovered, and cell site data confirmed that he returned to that area on the day the letter was discovered. Additionally, Rafael Goris admitted to stealing $30,000 from Encarnacion, which indicates that Encarnacion had a motive to make the threat made in the letter. And in a recorded telephone call, Rafael Goris and Encarnacion discussed the letter in a manner that suggests the inference that

3

Encarnacion was responsible for it. Under these circumstances, the District Court did not abuse its discretion in admitting the letter.

Encarnacion also challenges the Government's use of certain demonstrative exhibits created by the government, in the form of maps depicting historical cell site data and the location of Mrs. Goris's apartment, and showing the dates a particular MetroCard linked to Encarnacion was used to access the New York City subway. The maps were shown to the jury, but not received into evidence. Encarnacion now contends that the maps somehow misled the jury. Since he does not contend that the maps contained information not in evidence, his citation to *United States v. Groysman* does not support his claim that the maps should not have been shown to the jury. *See* 766 F.3d 147, 151, 159 (2d Cir. 2014). Nor has he demonstrated that their design and layout made the maps in any way misleading. The District Court did not abuse its discretion in allowing the maps to be shown to the jury.

Last, Encarnacion contends that there were a number of evidentiary errors which collectively called for reversal of his conviction, even if no one individually would require it. We find no errors.

Separate from his evidentiary challenges, Encarnacion contends that there was insufficient evidence to convict him on any of the charges lodged against him. This Court reviews sufficiency of the evidence challenges *de novo*. *United States v. Anderson*, 747 F.3d 51, 59 (2d Cir. 2014). Sufficiency challenges are subject to an "exceedingly deferential standard of review," in which a conviction must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original) (internal quotation marks omitted).

Wiretapped telephone calls provided substantial evidence to support the jury's verdict that Encarnacion conspired to distribute and possess with intent to distribute marijuana. "In order to convict a defendant of the crime of conspiracy, the government must show that two or more persons entered into a joint enterprise for an unlawful purpose, with awareness of its general nature and extent." *United States v. Torres*, 604 F.3d 58, 65 (2d Cir. 2010). It is true that the Government adduced no evidence tending to prove that Encarnacion actually

4

handled marijuana for the conspiracy. But in the recorded calls, Encarnacion and Manuel Rodriguez, the head of the marijuana distribution ring, discussed Encarnacion's planned trip to California to pick up a marijuana load, his expected arrival, and, eventually, the fact that he was diverted from his intended route by FedEx. This sufficed to support the marijuana conspiracy conviction. As to the route change, the jury was entitled to disbelieve Encarnacion's testimony that he was lying to Rodriguez and giving him "the runaround," App'x at 388, and instead to credit Encarnacion's recorded statement to Rodriguez that FedEx had surprised him by sending him on a different route.

Similarly, Rafael Goris's testimony supported Encarnacion's conviction on the cocaine conspiracy. Goris testified that he observed Encarnacion transport packages from California to New York on their FedEx truck, and that Encarnacion admitted to him that the packages contained cocaine. Another Government witness, the special agent who interrogated Encarnacion after his initial arrest, also testified that Encarnacion had admitted that "beginning a few months ago and then as recently as two weeks [ago], he had transported cocaine from California to New Jersey." App'x at 142. The jury's verdict suggests that they believed the testimony of Goris and the special agent rather than that of Encarnacion. That credibility determination was the jury's to make. *See United States v. O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011).

Finally, Encarnacion challenges the evidence presented on the charges of conspiracy to commit extortion, extortion, and conspiracy to commit witness tampering. Each of those charges required the Government to prove that Encarnacion or a co-conspirator made threats of physical harm to Rafael Goris, a potential witness and the alleged thief of some of Encarnacion's drug proceeds, or to Goris's family. Encarnacion's sufficiency argument largely reiterates his claim, discussed above, that the Facebook messages and letter to Mrs. Goris should not have been admitted into evidence because there is insufficient evidence to support the Government's contention that he wrote them. For the reasons given above, the circumstantial evidence adduced at trial about the nature and origin of the messages was sufficient for the jury to infer that Encarnacion authored them, and that he intended to threaten the Gorises with physical harm.

5

* * *

We have considered Encarnacion's remaining arguments on appeal and find them to be without merit.  For the reasons set out above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court